10-4284-cv
Borno v. Gen. Elec. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of November, two thousand eleven.

PRESENT:

    AMALYA L. KEARSE,
    JOSEPH M. MCLAUGHLIN,
    JOSÉ A. CABRANES,
             *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - -- - - - -x

GE INVESTORS, RETIREMENT PLAN, Individually and on behalf of all others similarly situated, DALE WATERS, Individually and on behalf of all others similarly situated, WESTERN HEART INSTITUTE, P.C.,

             *Plaintiffs*,

SAM BORNO, Individually and on behalf of all others similarly situated, PAUL MADAR, Individually and on behalf of all others similarly situated, JEFFREY TRACHTENBERG, Individually and on behalf of all others similarly situated,

             *Plaintiffs-Appellants*,

      -v.-                             No. 10-4284-cv

GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, KEITH S. SHERIN,

             *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - -- - - - -x

**FOR PLAINTIFFS-APPELLANTS:**  LAURENCE M. ROSEN (Jonathan Horne, *on the brief*), The Rosen Law Firm, P.A., New York, NY.

**FOR DEFENDANTS-APPELLEES:**  GREG A. DANILOW (Paul Dutka, Gregory Silbert, *on the brief*), Weil, Gotshal & Manges LLP, New York, NY.

Appeal from a September 29, 2010 judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED.**

Lead plaintiffs Sam Borno, Paul Madar, and Geoffrey Trachtenberg (jointly, "plaintiffs") appeal from the dismissal of a securities fraud class action against General Electric Co. ("GE"), Jeffrey R. Immelt (GE's chief executive officer), and Keith S. Sherin (GE's chief financial officer) (jointly, "defendants"), alleging violations of § 10(b) and § 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

## Background

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues raised on appeal. Briefly, on October 3, 2008, plaintiffs filed an action in the District Court on behalf of themselves and other purchasers of GE common stock between September 25, 2008 and October 1, 2008, the period during which plaintiffs allege that defendants concealed GE's liquidity problems and their plan to raise $15 billion in dilutive equity financing. Defendants filed a motion to dismiss the second amended complaint on January 15, 2010. Plaintiffs filed a third amended complaint (the "complaint") on March 15, 2010. On September 29, 2010, the District Court granted defendants' motion to dismiss for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), finding that the plaintiffs had failed to plead loss causation. *See Waters v. Gen. Elec. Co.*, No. 08 Civ. 8484(RJS), 2010 WL 3910303 (S.D.N.Y. Sep. 29, 2010).

## I.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in favor of the plaintiff. *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *see also Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d

Cir. 2006).  To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the pleadings must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

To withstand a Rule 12(b)(6) motion on securities fraud claims, a plaintiff must satisfy heightened pleading requirements set forth in Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 78u-4(b).  Rule 9(b) requires that averments of fraud be "state[d] with particularity."  Fed. R. Civ. P. 9(b); *see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  To satisfy this requirement, the plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (internal quotation marks and citation omitted).

The PSLRA expanded on Rule 9(b)'s heightened pleading standard, requiring that securities fraud complaints "specify" each misleading statement, set forth the facts "on which [the] belief [that a statement is misleading was] formed," and "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. §§ 78u-4(b)(1), (2); *see also Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 345 (2005).

## II.

Upon our *de novo* review, we affirm the judgment of the District Court substantially for the reasons stated in its thoughtful and thorough opinion.  *See Waters v. General Elec. Co.*, No. 08 Civ. 8484(RJS), 2010 WL 3910303 (S.D.N.Y. Sept. 29, 2010).

The SEC implemented Section 10(b) of the Exchange Act by promulgating Rule 10b-5, 17 C.F.R. § 240.10b-5, which provides that it is unlawful "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."  To sustain a private cause of action for securities fraud under section 10(b) and Rule 10b-5, a plaintiff must adequately plead: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.  *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008).

The District Court correctly determined that the plaintiffs failed to plead loss causation, "the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005) (internal quotation marks omitted); *see also* 15 U.S.C. § 78u-4(b)(4) ("In any private action arising under this chapter, the plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages."). To adequately plead loss causation, a plaintiff must allege (1) that the loss was foreseeable—*i.e.*, "the risk that caused the loss was within the zone of risk concealed by the misrepresentations and omissions," and (2) that the fraudulent statement or omission was the cause of the actual loss that they suffered—*i.e.,* that when the risk concealed by the misrepresentations and omissions was disclosed, it negatively affected the value of the security. *Lentell*, 396 F.3d at 173 (emphasis omitted).

In this case, plaintiffs failed adequately to plead the latter requirement—that their loss was caused by the materialization of the concealed risk. The risk allegedly concealed was of GE issuing new equity, a risk that was revealed in the October 1, 2008 announcement that GE planned to offer at least $15 billion in new equity, including $3 billion of preferred stock to Berkshire Hathaway priced at $22.25 per share. Despite the offering announcement, however, GE's stock price increased on October 1, 2008 from $23.63 per share before the announcement to $24.50 per share at the close of trading. The loss allegedly suffered did not occur until the following day—October 2, 2008—when GE announced that the stock price for the $12 billion in common stock would be set at $22.25 per share, the same price announced the previous day for the offering to Berkshire Hathaway. According to plaintiffs, this pricing announcement caused GE's stock price to fall from $24.50 at the close of market on October 1, 2008, to $22.15 at the close of market on October 2, 2008.

Whether the discounted pricing announcement on October 2, 2008 caused the stock price to drop is irrelevant to our loss causation analysis. Plaintiffs' complaint does not allege that defendants concealed the pricing of the offering.[1] In any event, although a reduced share price was within the "zone of risk" of the allegedly concealed information revealed in the October 1, 2008 announcement that GE planned to issue at least $15 billion in new equity, no loss occurred upon the revelation of this information. Accordingly, plaintiffs failed adequately to plead loss causation, a *sine qua non* of a claim for securities fraud.[2]

---

[1] Because we conclude that the complaint does not adequately plead that the defendants concealed the pricing of the offering, we also reject plaintiffs' partial-disclosure argument raised for the first time on appeal.

[2] As noted by the District Court, plaintiffs' failure to plead loss causation is a sufficient basis on which to grant defendants' motion to dismiss. It is thus unnecessary to consider defendants' argument that plaintiffs also failed to plead scienter.

## Conclusion

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court entered September 30, 2010 is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk